IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 25-30053

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CITY OF NEW ORLEANS,

Defendant-Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

_____

JOINT MOTION FOR LIMITED REMAND IN LIGHT OF INDICATIVE
RULING AND TO EXTEND FURTHER PROCEEDINGS IN THIS APPEAL

_____

Pursuant to Federal Rules of Appellate Procedure 12.1 and 27, plaintiff-appellee United States of America and defendant-appellant City of New Orleans (the City) hereby give notice to the Court that on October 9, 2025, the district court issued an indicative ruling and jointly move that this Court grant a limited remand to allow the district court to formally rule on the motion. A copy of the order is attached hereto at Appendix A. *Indicative Ruling*, Dkt. 854 ("App. A"). Pursuant to Federal Rules of Appellate Procedure 26(b) and 27 and Fifth Circuit Rule 27.1.1, the parties

further respectfully request that this Court extend further proceedings in this appeal thirty days so the Court may rule on this joint motion for limited remand before the United States files its appellee's brief. In support of their motion, the parties submit the following:

1. The City filed its opening brief on May 13, 2025. The United States' response is currently due October 14, 2025, following four 30-day extensions from its original June 12, 2025, due date.

2. This is an appeal from the district court's denial of (a) the City's motion to terminate a consent decree (the Consent Decree or Decree) and (b) the City's motion to enroll additional counsel of record. The Consent Decree's plain text allows for termination of the Decree once the City has achieved "full and effective compliance" with the Decree and maintained such compliance for a period of no less than two years (the Sustainment Period). Dkt. 778, at 125. In January 2025, the district court denied the City's motion to terminate the Decree, but it approved the parties' joint motion to begin the Sustainment Period. On September 4, 2025—several months into the Sustainment Period, and based on audits and reports conducted by the New Orleans Police Department and the court-appointed monitor, as well as developments since the City's prior motion to terminate—the parties agreed and notified the district court that the City has established a durable remedy regarding

the violations alleged in the Complaint (filed in 2012) and that the City has achieved substantial compliance with the Consent Decree.

3. On September 5, 2025, the parties filed a joint motion in the district court under Federal Rule of Civil Procedure 62.1 for an indicative ruling on the parties' joint request under Rule 60(b)(5) to terminate the Consent Decree and the Sustainment Plan. Dkt. 853-1, at 1-2.

4. On October 9, the district court entered an order stating that "[i]f the parties file a joint Rule 60(b)(5) motion for relief from the Consent Decree, the Court will grant the joint motion, provided the Fifth Circuit Court of Appeals remands the pending appeal for that purpose." App. A, at 1.

5. Under Rule 12.1, once a "district court states that it would grant [a] motion" in a case already on appeal, this Court "may remand for further proceedings" while "retain[ing] jurisdiction." Fed. R. App. P. 12.1(b). This Court should exercise its discretion to remand for the limited purpose of allowing the district court to grant the parties' joint Rule 60(b)(5) motion for relief from the Consent Decree, while retaining jurisdiction over the City's appeal of the denial of its motion to enroll additional counsel.

6. Both parties desire an efficient resolution to this long-running case. The parties, however, have genuine concerns about maintaining an efficient schedule in the event that the Court grants a limited remand. It should not require much time to

end the case now that everyone (the parties and the district court) agrees to dissolve the Consent Decree and Sustainment Plan. The parties are concerned, however, that a limited remand may result in the same timeline experienced with the City's 2022 Rule 60(b)(5) motion. As the City's opening brief explains, its 2022 Motion was pending for almost 2.5 years—one of the reasons the City sought to enroll additional counsel. In an effort to avoid a similarly extended timeline should the Court grant a limited remand, the parties respectfully request that any remand order direct the district court to issue its indicated grant of the parties' joint Rule 60(b)(5) motion within 60 days of the remand.

WHEREFORE, the parties respectfully request the Court to (1) take appropriate action consistent with the district court's indicative ruling, including a limited remand to allow the district court to formally rule on the motion and direction to issue that ruling in a timely manner, and (2) extend further proceedings in this appeal thirty days so the Court may rule on this joint motion for limited remand before the United States files its appellee's brief. The City intends to maintain its appeal of the denial of its motion to enroll additional counsel.

Respectfully submitted,

s/ Charles F. Zimmer II
Daniel E. Davillier La. No. 23022
Charles F. Zimmer II (T.A.) La. No. 26759
935 Gravier Street, Suite 1702
New Orleans, LA  70112
Phone: (504) 582-6998
Fax: (504) 582-6985
ddavillier@davillierlawgroup.com
czimmer@davillierlawgroup.com

HARMEET K. DHILLON
Assistant Attorney General

JESUS A. OSETE
Principal Deputy
Assistant Attorney General

s/ Andrew G. Braniff
ANDREW G. BRANIFF
GRETA GIESEKE
Attorneys
Department of Justice
Civil Rights Division
Appellate Section
Ben Franklin Station
P.O. Box 14403
Washington, D.C. 20044-4403
(202) 514-9229

Date: October 10, 2025

## CERTIFICATE OF SERVICE

I certify that on October 10, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/ Greta Gieseke
GRETA GIESEKE
Attorney

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limits of Federal Rule of Appellate Procedure 27(d)(2)(A) and Fifth Circuit Rule 27.4 because the motion contains 783 words, excluding the parts exempted by Federal Rules of Appellate Procedure 27(d)(2) and 32(f). This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared in Times New Roman 14-point font using Microsoft Word for Microsoft 365.

s/ Greta Gieseke
GRETA GIESEKE
Attorney

Date: October 10, 2025

# APPENDIX

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  12-1924** |
| **CITY OF NEW ORLEANS,**<br>    **Defendant** | **SECTION "E"** |

**ORDER**

On September 4, 2025, the parties filed a Joint Motion for Indicative Ruling on Rule 60(b)(5) Motion to Dissolve Consent Decree.[1] In that motion the parties request that the Court indicate how it would rule on a joint Rule 60(b)(5) motion for relief from the final judgment granting the motion for entry of consent decree filed by the United States of America and the City of New Orleans regarding the New Orleans Police Department,[2] as amended and restated (the "Consent Decree.")[3]

If the parties file a joint Rule 60(b)(5) motion for relief from the Consent Decree, the Court will grant the joint motion, provided the Fifth Circuit Court of Appeals remands the pending appeal for that purpose.

**New Orleans, Louisiana, this 9th day of October, 2025.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[1] R. Doc. 853.
[2] R. Docs. 2 (filed July 24, 2012) and 114 (filed September 14, 2012).
[3] R. Docs. 160, 564, and 777.

**APP. A**